**UNITED STATES of America,**

v.

**Luis ORTIZ, Jr., Appellant.**

No. 02–2385.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Feb. 25, 2004.

Decided March 4, 2004.

Walter S. Batty, Jr., Office of United States Attorney, Philadelphia, PA, for Appellee.

Luis Ortiz Jr., Fairton, NJ, pro se.

Before RENDELL, BARRY and FISHER, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

On April 25, 2001, Luis Ortiz, Jr., was convicted by a jury of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. On May 14, 2002, Ortiz was sentenced to 114 months' imprisonment, four years' supervised release, and a special assessment of $200. Ortiz challenges the District Court's two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm.

Ortiz's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that there are no non-frivolous issues raised in this appeal and requesting to withdraw as counsel. In reviewing an *Anders* brief, we ask (1) whether counsel adequately represented

the client's case, and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001); *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000).

In *Youla* we stated that counsel has two duties when preparing an *Anders* brief: (1) to thoroughly examine the record in search of appealable issues, and (2) to explain why such issues are frivolous. *Youla*, 241 F.3d at 300. Although counsel is not required to "raise and reject every possible claim," he or she must at a minimum meet the level of conscientiousness set forth in *Anders*. *Id.* Furthermore, we generally "reject briefs ... in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client." *Marvin*, 211 F.3d at 781.

Although counsel's brief does raise one possible issue for appeal–the same sentencing issue Ortiz argues in his pro se submission–it summarily rejects the issue without any explanation as to why the issue is frivolous. In fact, counsel's terse brief cites absolutely no case law to support his contention that the basis for appeal is without merit. Given the lack of explanation in counsel's brief, we must reject counsel's request to withdraw unless we are convinced that the frivolousness of the issues raised in the appeal is patent. *Id.* We have held that where counsel's *Anders* brief is inadequate, and where the

Defendant files a *pro se* brief that provides some guidance concerning the issues the Defendant seeks to raise on appeal, we will confine our scrutiny of the record to those issues raised in the *Anders* and *pro se* briefs. *Youla*, 241 F.3d at 301.

Ortiz has filed a *pro se* brief arguing that his sentence was improperly enhanced and that his attorney provided him with ineffective assistance at trial. After our independent scrutiny of the relevant portions of the record, we are satisfied that the first issue Ortiz raises is without merit and the second issue he raises is best decided in a collateral action rather than on direct review. *See, e.g., United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003).

■ First, Ortiz argues that the District Court improperly enhanced his sentence under U.S.S.G. § 3C1.1. Ortiz's counsel makes the same contention in his brief, albeit with less elaboration. This argument is without merit, however, because the two-level enhancement that Ortiz received is clearly authorized by U.S.S.G. § 3C1.1 where a defendant obstructs justice by perjuring himself at trial. *See* U.S.S.G. § 3C1.1 cmt. 4(b); *United States v. Dunnigan*, 507 U.S. 87, 88–89, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *United States v. Fiorelli*, 133 F.3d 218, 221 (3d Cir.1998). Ortiz's claim that his testimony was not perjurious is belied by the record, which indicates that, in convicting Ortiz, the jury necessarily rejected his testimony that he was not involved in the crime, and credited the testimony of three witnesses who testified to the contrary.[1] *See United*

---

1. It should be noted that, although neither Ortiz nor his counsel raise the issue in their briefs, the Government has pointed out in its brief that the District Court did not make express findings as to materiality and willfulness, two elements of the perjury offense. However, as the Government correctly notes,

express findings are not required where "the record establishes that the district court's application of the enhancement necessarily included a finding as to the elements of perjury, and those findings are supported by the record," *Fiorelli*, 133 F.3d at 221 (quoting *United*

*States v. Boggi,* 74 F.3d 470, 478–79 (3d Cir.1996). Moreover, Ortiz's own comments to the Judge at his sentencing hearing strongly suggest that he was involved in the crime, which naturally leads to the conclusion that he did perjure himself at trial.[2]

Second, Ortiz argues that defense counsel was constitutionally ineffective for encouraging Ortiz to proceed to trial, for failing to represent him properly, and for not listening to Ortiz's suggestions to submit other motions for a downward departure. However, it is well established that we will review a claim of ineffective assistance of counsel on direct appeal only when the record is sufficient to allow determination of the claim. *Thornton,* 327 F.3d at 271 (citing *United States v. Headley,* 923 F.2d 1079 (3d Cir.1991)). Because the record before us provides no basis for evaluating this claim, we will defer the issue of ineffectiveness of trial counsel to a collateral attack. *Thornton,* 327 F.3d at 271 (citing *United States v. Haywood,* 155 F.3d 674, 678 (3d Cir.1998)).

Accordingly, despite the inadequacy of the *Anders* brief, we will AFFIRM Ortiz's sentence, GRANT counsel's motion to withdraw, and DENY Ortiz's claim of ineffective assistance of counsel without prejudice to his right to raise this claim on a collateral attack pursuant to 28 U.S.C. § 2255.

---

*States v. Boggi,* 74 F.3d 470, 479 (3d Cir. 1996)), as is the case here.

**2.** Ortiz stated, "[m]y ex-wife and [sic] finances were in shambles. I took—I wanted to make a quick dollar. It cost me and my family dearly. I made a mistake, your Honor, which I'm ready to pay for." Appellant's Supp.App. at 34.